Purba v. Holder

BIA
A096 423 812

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> PETER W. HALL,
>> *Circuit Judges.*

_____

TUMBOR GOLDO ROY PURBA, A.K.A. TUMBOR
G. R. PURBA,
> *Petitioner,*

v.

09-4435-ag
NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: H. Raymond Fasano, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan

Robbins, Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED, that the petition for review
is DENIED.

Petitioner Tumbor Goldo Roy Purba, a native and citizen
of Indonesia, seeks review of a September 29, 2009 order of
the BIA denying his motion to reopen. *In re Tumbor Goldo
Roy Purba*, No. A096 423 812 (B.I.A. Sept. 29, 2009). We
assume the parties' familiarity with the underlying facts
and procedural history in this case.

We review the BIA's denial of a motion to reopen for
abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d
Cir. 2005) (per curiam). When the BIA considers relevant
evidence of country conditions in evaluating a motion to
reopen, we review the BIA's factual findings under the
substantial evidence standard. *See Jian Hui Shao v.
Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An alien seeking
to reopen proceedings may file one motion to reopen no later
than 90 days after the date on which the final
administrative decision was rendered. *See* 8 C.F.R. §
1003.2(c)(2). There is no time or numerical limit, however,
for filing a motion to reopen if it is "based on changed
circumstances arising in the country of nationality or in
the country to which deportation has been ordered, if such
evidence is material and was not available and could not
have been discovered or presented at the previous hearing."
8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the BIA did not exceed its discretion in
denying Purba's untimely motion to reopen because Purba
failed to offer material evidence of changed country
conditions that would affect his eligibility for relief.
*Jian Hui Shao*, 546 F.3d at 169. The BIA noted that the
record indicates a possible resurgence of radical Islam in
Indonesia yet reasonably concluded that the evidence did not
reflect a meaningful change in country conditions since his
hearing before the IJ. Furthermore, as the BIA noted, the
State Department International Religious Freedom Report
indicates that the government of Indonesia generally
respected religious freedom. *See Tu Lin v. Gonzales*, 446

2

F.3d 395, 400 (2d Cir. 2006). Thus, Purba's evidence was insufficient to establish either changed country conditions or a pattern or practice of persecution against Christians. *See Mufied v. Mukasey,* 508 F.3d 88, 92 (2d Cir. 2007) finding reasonable the BIA's interpretation that the alleged persecution must be "so systemic or pervasive as to amount to a pattern or practice of persecution."); *see also Santoso v. Holder,* 580 F.3d 110, 112 (2d Cir. 2009). While Purba asserts that the BIA erred by failing to consider his evidence, we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). In fact, the BIA considered Purba's evidence in some detail and the record does not compel us to reach a contrary conclusion. Accordingly, the BIA did not abuse its discretion in denying Purba's untimely motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk